FILED
2024 Mar-18 PM 04:01
U.S. DISTRICT COURT
N.D. OF ALABAMA

FILED
MAR 18 2024
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **v.** | ) | **2:23-CR-00363-MHH-SGC** |
| | ) | |
| **JORDAN JAMAAD MCCANN** | ) | |

# BINDING PLEA AGREEMENT

The Government and the defendant, **JORDAN JAMAAD MCCANN**, hereby acknowledge the following plea agreement in this case:

## PLEA

The defendant agrees to (i) plead guilty to **COUNTS ONE, TWO, and FOUR** of the **Superseding Indictment** filed in the above-numbered and -captioned matter; and (ii) waive certain rights to direct appeal and collateral attack as outlined in section **IV** of this agreement. In exchange, the United States Attorney, acting on behalf of the Government and through the undersigned Assistant United States Attorney, agrees to dismiss Count Three at the time of sentencing and recommend the disposition specified below, subject to the conditions in section **VII**.

 Defendant's Initials JM

## TERMS OF THE AGREEMENT

### I. MAXIMUM PUNISHMENT

The defendant understands that the maximum statutory punishment that may be imposed for **Possession with Intent to Distribute a Controlled Substance**, in violation of **Title 21, United States Code, Sections 841(a)(1) and (b)(1)(C)**, as charged in **Count ONE**, is:

**A.** Imprisonment for not more than 20 years;

**B.** A fine of not more than $1,000,000, or,

**C.** Both A and B;

**D.** Supervised release of at least 3 years; and

**E.** A special assessment of $100.

The defendant understands that the maximum statutory punishment that may be imposed for **Possession of a Firearm during and in relation to a Drug Trafficking Crime**, in violation of **Title 18, United States Code, Section 924(c)(1)(A)**, as charged in **Count TWO**, is:

**A.** Imprisonment for not less than 5 years and not more than LIFE;

**B.** A fine of not more than $250,000, or,

**C.** Both A and B;

**D.** Supervised release of not more than 5 years; and

**E.** A special assessment of $100.

 Defendant's Initials JM

***Additionally, the defendant understands that the sentence for a violation of Title 18, United States Code Section 924(c), shall be run consecutively to all other sentences.***

The defendant understands that the maximum statutory punishment that may be imposed for **Possession of a Machinegun**, in violation of Title 18, United States Code, Sections 922(o) and 924(a)(2), as charged in **Count FOUR**, is:

**A.** Imprisonment for not more than 10 years;

**B.** A fine of not more than $250,000, or,

**C.** Both A and B;

**D.** Supervised release of not more than 3 years; and

**E.** A special assessment of $100.

## II. FACTUAL BASIS FOR PLEA

The Government is prepared to prove, at a minimum, the following facts at the trial of this case: On February 9, 2023, Birmingham police officers were dispatched to 2317 15th St. West on a suspicious vehicle call. When officers arrived, they observed a white Cadillac Escalade with a male inside parked on the side of the street. The male was in the driver's seat and the only occupant. He appeared to be asleep. Officers could also see two Glock handguns in his lap and an AR pistol near his right leg.

Officers opened the doors from both the driver's side and passenger side. The individual did not move or wake up. Officers collected the three firearms and a set of drug scales before waking the driver up. Once officers woke the driver up, they removed him from the vehicle and detained him in their patrol vehicle. The driver was identified as Jordan Jamaad MCCANN.

Officers recovered 17.49 grams of what appeared to be crack cocaine from the driver's seat and 142 grams of green leafy substance believed to be marijuana from a black bag from the back floorboard.

On September 7, 2023, the DEA Southeast Laboratory reported the green leafy substance was marijuana. It weighed 142.3 grams. On September 8, 2023, the DEA Lab reported the substance believed to be crack cocaine was cocaine and methamphetamine. The amount of cocaine was 12.35 grams, and the amount of methamphetamine was 3.86 grams at 65% purity.

On June 21, 2023, ATF SA Brooks examined the two Glock firearms found with MCCANN. The Glock, 9mm pistol with serial number BEXH901 had a full magazine of 17 rounds. The Glock, 9mm pistol with serial number BKRE442 contained a magazine with 22 rounds. This Glock also had a Glock Switch device attached to it. Both pistols are firearms as defined in Title 18, United States Code, Chapter 44, Section 921(a)(3). Both were manufactured in Austria, and thus traveled in, or affected interstate commerce.

 Defendant's Initials JM

The AR pistol found with MCCANN was run through NIBIN and came back with a hit related to a murder under investigation by the Birmingham Police Department. The firearm was sent to Alabama Department of Forensic Sciences for testing purposes. ATF has not had a chance to examine it.

On September 8, 2023, ATF Firearms Enforcement Officer John Miller reported he examined the Glock firearm, bearing serial number BKRE442, with the attached machinegun conversion device, also known as a "Glock Switch." Miller concluded that the firearm was a machinegun, as defined by Title 26, United States Code, Section 5845(b).

MCCANN was originally indicted in October 2023. ATF agents learned he was on bond for state charges and was placed on electronic monitoring. Agents went to MCCANN's home to arrest him on the federal warrant. They encountered MCCANN at the home, in a bedroom that contained .223 caliber ammunition. Looking through the home they found an AR-type rifle hidden in a downstairs closet that uses the same caliber ammunition found in MCCANN's bedroom.

Agents interviewed MCCANN after taking him into custody. Post *Miranda*, MCCANN admitted to knowing what a Glock Switch was and that he had one on one of the Glocks BPD found him in possession of. He admitted to buying the Glock simply because it had the switch on it. MCCANN also admitted that he routinely sold drugs and had that quantity of drugs in his vehicle because of this.

**The defendant hereby stipulates that the facts stated above are substantially correct and that the Court can use these facts in calculating the defendant's sentence. The defendant further acknowledges that these facts do not constitute all of the evidence of each and every act that the defendant and/or any co-conspirators may have committed.**

**JORDAN JAMAAD MCCANN**

## III. STIPULATED SENTENCE

Pursuant to Rule 11(c)(1)(C), Fed.R.Crim.P., the Parties stipulate that the following terms are the appropriate disposition in this case:

**A.** That the defendant be remanded to the custody of the Bureau of Prisons and incarcerated for a term of **60** months for Counts One and Four running concurrently with each other, and **60** months for Count Two running consecutively to Counts One and Four, for a total of **120** months;

**B.** That following the said term of imprisonment, the defendant be placed on supervised release for a period to be determined by the Court, subject to the Court's standard conditions of supervised release;

**C.** That the defendant be required to pay a fine in accordance with the sentencing guidelines should the Court determine that the defendant has the ability to pay a fine, said amount due and owing as of the date sentence is pronounced, with any outstanding balance to be paid in full by the expiration of the term of supervised release;

**D.** That the defendant be required to comply with the forfeiture provisions set forth in section XII of this agreement; and

**E.** That the defendant pay a special assessment of **$300**, said amount due and owing as of the date sentence is pronounced.

**F.** This agreement does not affect the Court's discretion to set any lawful conditions of supervised release not otherwise stipulated to in this agreement. In the event the Court rejects this plea agreement, either

party may elect to declare the agreement null and void. Should the defendant so elect, the defendant will be afforded the opportunity to withdraw his guilty plea, pursuant to the provisions of Fed. R. Crim. P 11(d)(2)(A).

## IV. WAIVERS

### A. STATUTE OF LIMITATIONS WAIVER

**In consideration of the recommended disposition of this case, I, JORDAN JAMAAD MCCANN, hereby understand, acknowledge, and agree that if this plea agreement is set aside for any reason, I will not assert any defense based on any applicable statute of limitations or the Speedy Trial Act, 18 U.S.C. § 3161, *et seq.*, that includes the passage of time from and including the date of this plea agreement until and including the date of entry of any order setting this plea agreement aside.**

### B. RIGHT TO APPEAL AND POST-CONVICTION RELIEF

**In consideration of the recommended disposition of this case, I, JORDAN JAMAAD MCCANN, hereby waive and give up my right to appeal my conviction and/or sentence in this case, as well as any fines, restitution, and forfeiture orders, the Court might impose. Further, I waive and give up the right to challenge my conviction and/or sentence, any fines, restitution, forfeiture orders imposed or the manner in which my conviction and/or sentence, any fines, restitution, and forfeiture orders were determined in any post-conviction proceeding, including, but not limited to, a motion brought**

**under 28 U.S.C. § 2255, and any argument that (1) the statute(s) to which I am pleading guilty is or are unconstitutional or (2) the admitted conduct does not fall within the scope of the statute(s).**

**The defendant reserves the right to contest in an appeal or post-conviction proceeding(s) the following:**

1. **Any sentence imposed in excess of the applicable statutory maximum sentence(s);**

2. **Any sentence imposed in excess of the Guidelines range determined by the Court at the time sentence is imposed; and**

3. **Ineffective assistance of counsel.**

**The defendant acknowledges that before giving up these rights, the defendant discussed the United States Sentencing Guidelines and their application to the defendant's case with the defendant's attorney, who explained them to the defendant's satisfaction. The defendant further acknowledges and understands that the Government retains its right to appeal where authorized by statute.**

**I, JORDAN JAMAAD MCCANN, hereby place my signature on the line directly below to signify that I fully understand the foregoing paragraphs, and that I am knowingly and voluntarily entering into this waiver.**

[signature]
**JORDAN JAMAAD MCCANN**



Defendant's Initials JM

## V. UNITED STATES SENTENCING GUIDELINES

The defendant's counsel has explained to the defendant, that in light of the United States Supreme Court's decision in *United States v. Booker*, the federal sentencing guidelines are **advisory** in nature. Sentencing is in the Court's discretion and is not required to be within the guideline range. The defendant agrees that, pursuant to this agreement, the Court may use facts it finds by a preponderance of the evidence to reach an advisory guideline range, and the defendant explicitly waives any right to have those facts found by a jury beyond a reasonable doubt.

## VI. AGREEMENT BINDING ON COURT

Pursuant to Rule 11(c)(1)(C), *Fed.R.Crim.P.*, the stipulated sentence set forth in Section III **BINDS THE COURT ONCE THE COURT ACCEPTS THE PLEA AGREEMENT**. The defendant may withdraw the plea of guilty, pursuant to Rule 11(d)(2), *Fed. R. Crim. P.*, if the Court rejects the plea agreement under Rule 11(c)(5).

However, as to any other terms and/or conditions of the sentence (apart from the term of imprisonment), the Parties fully and completely understand and agree that it is the Court's duty to impose sentence upon the defendant and that any sentence recommendation(s) by the Parties are **NOT BINDING ON THE COURT**. Further, the defendant understands that if the Court does not accept the Parties'

 Defendant's Initials JM

recommendations as to any terms and/or conditions other than the term of imprisonment, the defendant does not have the right to withdraw the guilty plea.

## VII. VOIDING OF AGREEMENT

The defendant understands that if the defendant (a) violates any federal, state, or local law or any condition of pretrial release after entering into this plea agreement, (b) moves the Court to accept a plea of guilty in accordance with, or pursuant to, the provisions of *North Carolina v. Alford*, 400 U.S. 25 (1970), (c) tenders a plea of *nolo contendere* to the charges, (d) violates any other term of this plea agreement, and/or (e) does or says anything that is inconsistent with the acceptance of responsibility, the plea agreement will become NULL and VOID at the election of the United States, and the United States will not be bound by any of the terms, conditions, or recommendations, express or implied, which are contained herein. Further, such election will not entitle the defendant to withdraw a previously entered plea.

## VIII. OTHER DISTRICTS AND JURISDICTIONS

The defendant understands and agrees that this agreement **DOES NOT BIND** any other United States Attorney in any other district, or any other state or local authority.



Defendant's Initials JM

## IX. COLLECTION OF FINANCIAL OBLIGATION

In order to facilitate the collection of financial obligations to be imposed in connection with this prosecution, the defendant agrees to:

- fully disclose all assets in which the defendant has any interest or over which the defendant exercises control, directly or indirectly, including those held by a spouse, nominee or other third party;
- promptly submit a completed financial statement to the United States Attorney's Office, in a form that it provides and as it directs;
- identify all assets over which the defendant exercises or exercised control, directly or indirectly, within the past five years, or in which the defendant has or had during that time any financial interest;
- take all steps as requested by the Government to obtain from any other parties by any lawful means any records of assets owned at any time by the defendant;
- undergo any polygraph examination the Government may choose to administer concerning such assets and to provide and/or consent to the release of the defendant's tax returns for the previous five years.

The defendant further agrees that the above information, as well as any of the defendant's financial statements and disclosures, will be complete, accurate, and truthful. Finally, the defendant expressly authorizes the United States Attorney's

 Defendant's Initials JM

Office to obtain a credit report on the defendant in order to evaluate the defendant's ability to satisfy any financial obligation imposed by the Court.

## X. AGREEMENT REGARDING RELEVANT CONDUCT AND RESTITUTION

As part of the defendant's plea agreement, the defendant admits to the above facts associated with the charges and relevant conduct for any other acts. The defendant understands and agrees that the relevant conduct contained in the factual basis will be used by the Court to determine the defendant's range of punishment under the advisory sentencing guidelines. The defendant admits that all of the crimes listed in the factual basis are part of the same acts, scheme, and course of conduct. This agreement is not meant, however, to prohibit the United States Probation Office or the Court from considering any other acts and factors, which may constitute or relate to relevant conduct. Additionally, if this agreement contains any provisions providing for the dismissal of any counts, the defendant agrees to pay any appropriate restitution to each of the separate and proximate victims related to those counts should there be any and waives objection to the inclusion of that restitution in any order issued by the Court.

## XI. TAX, FORFEITURE AND OTHER CIVIL/ADMINISTRATIVE PROCEEDINGS

Unless otherwise specified herein, the defendant understands and acknowledges that this agreement does not apply to or in any way limit any pending

 Defendant's Initials JM

or prospective proceedings related to the defendant's **tax liabilities**, if any, or to any pending or prospective **forfeiture** or other **civil** or **administrative** proceedings.

## XII. IMMIGRATION STATUS

The defendant recognizes that pleading guilty may have consequences with respect to the defendant's immigration status if the defendant is not a citizen of the United States. Under federal law, a broad range of crimes are removable offenses, including the offense(s) to which the defendant is pleading guilty. The defendant's guilty plea and conviction make it practically inevitable and a virtual certainty that the defendant will be removed or deported from the United States if the defendant is not a citizen of the United States. Removal and other immigration consequences are the subject of a separate proceeding, however; and the defendant understands that no one, including his attorney or the district court, can predict to a certainty the effect of his conviction on his immigration status. Understanding all of this, the defendant nevertheless affirms that the defendant wants to plead guilty regardless of any immigration consequences that plea may entail, even if the consequence is automatic removal from the United States.

## XIII. DEFENDANT'S ACKNOWLEDGEMENT

I have read and understand the provisions of this plea agreement consisting of **15** pages. I have discussed the case and my constitutional and other rights with my lawyer. I am satisfied with my lawyer's representation in this case. I understand

 Defendant's Initials JM

that by pleading guilty, I will be waiving and giving up my right to continue to plead not guilty, to a trial by jury, to the assistance of counsel at that trial, to confront, cross-examine, or compel the attendance of witnesses, to present evidence on my behalf, to maintain my privilege against self-incrimination, and to the presumption of innocence. I agree to enter my plea as indicated above on the terms and conditions set forth herein.

**NO PROMISES OR REPRESENTATIONS OTHER THAN THOSE IN THE AGREEMENT HAVE BEEN MADE TO ME BY THE PROSECUTOR, OR BY ANYONE ELSE, NOR HAVE ANY THREATS BEEN MADE OR FORCE USED TO INDUCE ME TO PLEAD GUILTY.**

I further state that I have not had any drugs, medication, or alcohol within the past 48 hours except as stated here:

None

I understand that this plea agreement will take effect and will be binding as to the Parties **only** after all necessary signatures have been affixed hereto.

I have personally and voluntarily placed my initials on every page of this plea agreement and have signed the signature line below to indicate that I have read, understand, and approve all of the provisions of this plea agreement, both individually and as a total binding agreement.

3/1/24
DATE

**JORDAN JAMAAD MCCANN**
Defendant

 Defendant's Initials JM

## XIV. COUNSEL'S ACKNOWLEDGMENT

I have discussed this case with my client in detail and have advised my client of all of my client's rights and all possible defenses. My client has conveyed to me that my client understands this plea agreement and consents to all its terms. I believe the plea and disposition set forth herein are appropriate under the facts of this case and are in accord with my best judgment. I concur in the entry of the plea agreement on the terms and conditions set forth herein.

3/1/24
DATE

**DANIEL J. FORTUNE**
Defendant's Counsel

## XV. GOVERNMENT'S ACKNOWLEDGMENT

I have reviewed this matter and this plea agreement and concur that the plea and disposition set forth herein are appropriate and are in the interests of justice.

Prim F. Escalona
United States Attorney

3/12/24
DATE

**WILLIAM R. MCCOMB**
Assistant United States Attorney

 Defendant's Initials JM